UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
TERRENCE REYNOLDS,

                                  Plaintiff,

                                                                Docket No.: 22-CV-1910 (VEC)

                  -against-

THE CITY OF NEW YORK

                                  Defendant.
---------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

RICOTTA & MARKS, P.C.
*Attorneys for Plaintiff*
24-11 41st Avenue, Second Floor
Long Island City, New York 11101
(347) 464-8694

## PRELIMINARY STATEMENT

Plaintiff, Terrence Reynolds ("Reynolds"), a former employee of Defendant The City of New York within the Department of Environmental Protection (hereafter referred to as "the City") filed a complaint against the City on March 7, 2022 alleging that, during the course of his employment, he was subjected to unlawful retaliation in violation of his First Amendment rights, pursuant to 42 U.S.C. Section 1983, as well as due to his engaging in whistleblower activity, in violation of New York State Labor Law, Section 740.

After a pre-motion conference before the Court, on May 20, 2022, Plaintiff filed an Amended Complaint, withdrawing his New York State Labor Law claim.   Defendant now moves, pre-answer, to dismiss Plaintiff's complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6).  Defendant argues that: (1) Plaintiff's claims are precluded by virtue of an OATH hearing he attended, which rendered a determination on charges brought against him; and, (2) Plaintiff's speech was not protected and did not relate to matters of public concern. Each of these arguments are without merit, and as outlined within Plaintiff's opposition papers, Plaintiff has sufficiently pled a claim, which is not precluded.

## STATEMENT OF FACTS

As the relevant facts discussed throughout the body of this Memorandum are contained in the Complaint, the Court is respectfully referred to the Amended Complaint, which is docketed as Document No. 16.

## ARGUMENT

### I.    STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). "Facial plausibility" is achieved when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In considering a Rule 12(b)(6) motion, courts must accept all factual allegations as true,

and draw all reasonable inferences in the plaintiff's favor. See Rothstein v. UBS AG, 708 F.3d 82, 90 (2d Cir. 2013). In deciding the motion, "courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken." Lee v. Verizon, No. 15-CV-523 (DLI)(PK), 2016 WL 737916, at *2 (E.D.N.Y. 2016); see, e.g., Roth v. Jennings, 489 F. 3d 499, 509 (2d Cir. 2007).

In the context of an employment discrimination case, at the pleadings stage, a plaintiff is not required to plead a *prima facie* case of discrimination, as contemplated by the McDonnell Douglas framework. Vega v. Hempstead Union Free Sch. Dist., 2015 WL 5127519, at *10 (2d Cir. 2015). Indeed, plaintiff's initial burden is described as "not onerous" and "minimal and *de minimis*." Dawson v. New York City Transit Authority, 2015 WL 5438790, at *2 (2d Cir. 2015).


## II.    DEFENDANTS' PRECLUSION ARGUMENT

Courts will only give preclusive effect to a previous decision if there is an "identity of issue which has necessarily been decided in the prior action and is dispositive of the present action,' and the party to be estopped . . . had a 'full and fair opportunity to contest the decision now said to be controlling.'"    Johnson v. Cnty. of Nassau, 411 F.Supp.2d 171, 178-79 (E.D.N.Y. 2006).    In determining whether a party had a full and fair opportunity to litigate the issue, "the various elements which make up the realities of litigation," should be explored, including "the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in applicable law and foreseeability of future litigation."    Kosakow v. New Rochelle Radiology Associates, P.C., 274 F.3d 706, 734 (2dCir. 2001) (citing Schwartz v. Public Adm'r, 24 N.Y.2d 65 (2d Cir 1969).  See also Jeter v. New York City Dep't of Educ., 549 F.Supp.2d 295, 305 (E.D.N.Y. 2008).  The burden of proving identity of the issue rests on the proponent of collateral

estoppel, while the opponent bears the burden of proving that he did not have a full and fair opportunity to litigate the issue.  Jeter, 549 F.Supp.2d at 305.

Another factor to be considered is the nature of the procedure followed in the underlying action.  Kosakow, 274 F.3d at 234.  Here, for example, the process of the OATH hearing did not provide for the discovery that federal litigation would provide, including the ability to identify and depose witnesses in advance of the hearing.  This is particularly relevant where, as here, Plaintiff alleges that Defendant, and the witnesses who testified, conspired to fabricate allegations against Plaintiff.  The failure of the OATH process to allow for pre-hearing depositions, which would then afford Plaintiff to cross-examine witnesses based on prior testimony and inconsistencies between witnesses, denies Plaintiff the full and fair opportunity to litigate his claims.

Moreover, the same issues were not litigated in the OATH hearing versus this litigation. There, it was being determined whether Plaintiff should be subjected to discipline. Here, Plaintiff asserts First Amendment retaliation claims.  Notwithstanding Defendant's argument, Plaintiff's defense at the OATH hearing was not equivalent to the claim he asserted here, and the OATH Hearing officer is neither vested with the authority to, nor did he, analyze and render a finding on whether Plaintiff engaged in protected speech and was retaliated for same.  Moreover, it is entirely possible that an OATH hearing officer could determine Reynolds engaged in the conduct alleged, while simultaneously having a jury or fact finder determine that he was subjected to First Amendment retaliation.

Accordingly, it is respectfully submitted that preclusion should not be attached to Plaintiff's claim, and he should be permitted to pursue his First Amendment retaliation claim in its merits.

## III.    PLAINTIFF'S SECTION 1983 CLAIM

In order to set forth a First Amendment retaliation claim, a plaintiff must plead, "(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and, (3) there was a causal connection between this adverse action and the protected speech.  *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011) (citing *Scott v. Coughlin*, 344 F.3d 282, 287 2d Cir. 2003).

"Whether an employee's speech addresses a matter of public concern is a question of law for the court to decide, taking into account the content, form, and context of a given statement as revealed by the whole record. *Lewis v. Cowen*, 165 F.3d 154, 163-64 (2d Cir. 1999) (Quoting *Connick*, 461 U.S. at 147-148 and n.7) "In reaching this decision, the court should focus on the motive of the speaker and attempt to determine whether the speech was calculated to redress personal grievances or whether it had a broader public purpose.  *Id.*  "Connick precludes First Amendment protection for public employees when they speak "upon matters **only** of personal interest." Id.  *Lewis v. Cowen*, 165 F.3d 154, 164 (2d Cir. 1999) (Citing *Connick v. Myers*, 461 U.S. 138, 75 L. Ed. 2d 708, 103 S. Ct. 1684 (1983) (emphasis added).  "The heart of the matter is whether the employee's speech was "calculated to redress personal grievances or whether it had a broader public purpose." *Lewis*, 165 F.3d at 163-64.  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 189 (2d Cir. 2008).  "Speech deals with matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." *Snyder v. Phelps*, 131 S.Ct. 1207, 1216, 179 L. Ed. 2d 172 (2011).

Here, Plaintiff's complaint sufficiently sets forth a First Amendment retaliation claim, as it sufficiently pleads that Plaintiff spoke out, on matters that were clearly of public concern and related

to a broader public purpose than his job or any personal issues he had, and that he was subsequently retaliated as a byproduct of that speech.  That the retaliation then delved into personal matters, of which he further complained as being retaliation, does not obviate a fact finder from determining that his initial reports, relating to illegalities and misconduct that jeopardized public health, was not within the scope of his job duties or capacity.  (Am. Compl. ¶ 8-10).  Simply put, Plaintiff could have just continued to do his job but he observed issues that posed a health and safety risk to the public, reported them to supervisors, and thereafter suffered through a barrage of retaliation.  Notably, this speech happened prior to the retaliation to which Plaintiff was subjected, which then formed the basis of the charges that were brought against him.  Plaintiff's Amended Complaint sufficiently pleads the essential elements of his First Amendment retaliation claim.  Thus, it is respectfully submitted that Defendant's motion to dismiss should be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's motion to dismiss.

Dated:        Long Island City, New York
              June 28, 2022

                                    Respectfully submitted,

                                    **RICOTTA & MARKS, P.C.**
                                    *Attorneys for Plaintiff*
                                    24-11 41st Ave., Second Floor
                                    Long Island City, New York 11101
                                    (347) 464-8694


                              By:     _____/s_____
                                    Thomas Ricotta