```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 12/19/2022
-------------------------------------------------------------- X
                                                               :
TERRENCE REYNOLDS,                                             :
                            Plaintiff,                         :
                                                               :       22-CV-1910 (VEC)
            -against-                                          :
                                                               :       OPINION & ORDER
                                                               :
THE CITY OF NEW YORK,                                          :
                            Defendant.                         :
                                                               :
-------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff Terrence Reynolds sued the City of New York ("the City") claiming he was unlawfully retaliated against for the exercise of his First Amendment rights. Am. Compl., Dkt. 16. Defendant moved to dismiss the Amended Complaint on the grounds that Plaintiff is precluded from relitigating issues decided in a prior administrative proceeding and because the Amended Complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Def. Mem., Dkt. 20 at 2; Def. Mot., Dkt. 18 at 1. For the reasons stated below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND[1]

In June 2004, Mr. Reynolds was hired as a sewage treatment worker for the Department of Environmental Protection ("DEP"). Am. Compl. ¶ 6. Sometime in early 2020, Plaintiff reported illegal conduct occurring at the DEP, "including drug dealing, fraudulent signing of paperwork concerning chemical deliveries, and theft of PPE supplies," *id*. ¶ 10, to his supervisors and the City Equal Employment Office, *id*. ¶ 12. After he reported these issues, his supervisors

---

[1] The well-pled facts in the Amended Complaint are assumed true for purposes of evaluating Defendant's motion to dismiss. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

and coworkers began retaliating against him. *Id.* ¶¶ 11–16. This included a physical attack in May 2020 by a coworker.[2] *Id.* ¶ 16.

Mr. Reynolds was fired on November 12, 2021, following an administrative hearing before the Office of Administrative Trials and Hearings. *Id.* ¶¶ 18–19; *see also* Saint-Fort Decl. Ex. 1 ("Rep."), Dkt. 19. After an extensive hearing, including the testimony of twenty-five witnesses from DEP, Rep. at 1, the administrative law judge (ALJ) concluded that Mr. Reynolds "engaged in conduct prejudicial to good order and discipline" or "committed insubordination" on a dozen different instances and recommended that Mr. Reynolds' employment be terminated, *id.* at 26–29. The judge also found that Mr. Reynolds' colleagues had not conspired against him. *Id.* at 2. Mr. Reynolds did not challenge the ALJ's determination, and the DEP Commissioner adopted the ALJ's report. Def. Mem. at 11 n.3; Saint-Fort Decl. Ex. 2, Dkt. 19.

Mr. Reynolds argues that the ALJ's conclusions were erroneous because his coworkers conspired against him to "present[] false and untrue testimony" at the hearing. Am. Compl. ¶ 18. He now sues the City for retaliation in violation of 18 U.S.C. § 1983 and his First Amendment rights. *Id.* ¶¶ 17–18, 24.

## DISCUSSION

### I. Plaintiff Is Not Precluded from Litigating the Facts of His Retaliation Claim

#### A. Legal Standard

"The fundamental notion of the doctrine of collateral estoppel . . . is that an issue of law or fact actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the parties or their privies." *Constantine v. Tchrs.*

---

[2] Plaintiff alleges he was assaulted by a coworker as a direct result of Plaintiff's speech. Am. Compl., Dkt. 16 ¶ 16. It is unclear to what speech Plaintiff is referring. While Mr. Reynolds alleges that this coworker was intoxicated at work, *id.* ¶ 9, and that Plaintiff reported "illegalities occurring at Ward's Island," *id.* ¶ 10, Mr. Reynolds does not specify whether he reported the coworker's alleged intoxication.

2

*Coll.*, 448 F. App'x 92, 93 (2d Cir. 2011) (quoting *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008)).  A defendant seeking to benefit from collateral estoppel must affirmatively establish four elements: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."  *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (internal quotation omitted).

"State law governs the preclusive effects in federal court of a state administrative agency's quasi-judicial findings."  *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 45 (2d Cir. 2014) (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 796–99 (1986)).  New York courts have held that findings of fact in quasi-judicial administrative proceedings, including proceedings like those conducted against Mr. Reynolds pursuant to section 75 of the Civil Service Law, have "preclusive effect where there has been a full and fair opportunity to litigate."  *Id*. (quoting *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 310 (2d Cir. 2005)).  To have preclusive effect, the proceeding must have involved an "identical issue" that was "actually and finally decided."  *Id*.  A section 75 proceeding results in a final decision when the agency adopts the hearing officer's recommendations, and thus, "that recommendation [becomes] the official decision of the agency."  *Id*. at 46.

### B. Plaintiff Has Not Previously Litigated His First Amendment Retaliation Claim

Plaintiff alleges that the City retaliated against him by (1) "subjecting him to a hostile work environment due to Plaintiff's speech," Am. Compl. ¶ 24, (2) harassing him so that the City could use his disruptive reactions as a pretext to terminate his employment, *id*. ¶ 21, (3) transferring Reynolds to the day shift instead of the night shift, thereby reducing the number of

overtime hours available to him, *id*. ¶ 15, and (4) ultimately terminating his employment, *id*. ¶ 18.

In its motion to dismiss, the City argues that the Amended Complaint must be dismissed because it "is based on the same facts and transactions" litigated in the section 75 proceeding. Def. Mem. at 9. Plaintiff does not contest that the ALJ's factual determinations were adopted by the DEP Commissioner, and thus, are final. *See Matusick*, 757 F.3d at 46; Def. Mem. at 11 n.3. Accordingly, if it were relevant, the Court would give preclusive effect to the ALJ's factual determinations concerning issues identical to the allegations in the Amended Complaint.[3] *See Matusick*, 757 F.3d at 45–46.

Nevertheless, the ALJ's factual findings do not preclude litigation of Plaintiff's retaliation claims because the facts litigated at the administrative level concerned whether Mr. Reynolds' engaged in misconduct for which he should be disciplined, not whether he was retaliated against for reporting "various illegalities and health and safety issues." Am. Compl. ¶ 14. Thus, the issues decided in the administrative hearing are not identical to the factual allegations in the Amended Complaint. For example, Plaintiff alleges that he was transferred to the day shift as retaliation for reporting health and safety issues. *Id*. ¶ 15. The ALJ made no factual findings relevant to that allegation.

Even if the issues were identical, however, whether the DEP retaliated against Reynolds is a legal issue beyond the scope of the ALJ's determination, which was limited to determining whether the DEP had good cause to discipline Reynolds. *See Matusick*, 757 F.3d at 48, 48 n.11

---

[3] The ALJ's report discusses several instances of troubling workplace misconduct by Plaintiff. *See* Saint-Fort Decl. Ex. 1 ("Rep."), Dkt. 19 at 26–27. To the extent that Reynolds seeks to argue that he did not engage in the misconduct that the ALJ found he committed, he is precluded from making that argument. Am. Compl., Dkt. 16 ¶¶ 17, 20.

(noting that the goal of a section 75 hearing is only to evaluate whether the employee was incompetent or guilty of misconduct). In short, the ALJ's determination does not preclude Plaintiff's First Amendment claim.

## II. Plaintiff Has Not Stated a Claim of Unlawful Retaliation for the Exercise of First Amendment Rights

### A. Legal Standard

"To survive a motion to dismiss under [Rule] 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, (2007)). "[A] complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted). The Court is not required, however, to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Moreover, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013).

To state a First Amendment retaliation claim, Plaintiff must allege that "(1) his speech . . . was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015) (internal quotation omitted).

It is well established that "[s]peech by citizens on matters of public concern lies at the heart of the First Amendment . . . ." *Lane v. Franks*, 573 U.S. 228, 235–36 (2014). "The 'First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern.'" *Golodner v. Berliner*, 770 F.3d 196, 202 (2d Cir. 2014) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006)). The right of public employees to speak out against actions of their employers is, of course, in tension with the "common sense realization that government offices could not function if every employment decision became a constitutional matter." *Matthews*, 779 F.3d at 172 (quoting *Connick v. Myers*, 461 U.S. 138, 143 (1983)).

Courts conduct a two-step inquiry in deciding whether a public employee's speech is protected:

> The first requires determining whether the employee spoke as a citizen on a matter of public concern. If the answer is no, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech. If the answer is yes, then the possibility of a First Amendment claim arises . . . .

*Lane*, 573 U.S. at 237 (internal quotation omitted). This inquiry is guided by two questions: "(A) did the speech fall outside of the employee's 'official responsibilities,' and (B) does a civilian analogue exist?" *Matthews*, 779 F.3d at 173 (quoting *Weintraub v. Bd. of Educ. of City Sch. Dist. of City of New York*, 593 F.3d 196, 203–04 (2d Cir. 2010)). A "civilian analogue" exists if the speech is made through "channels available to citizens generally." *Jackler v. Byrne*, 658 F.3d 225, 238 (2d Cir. 2011) (internal quotation omitted).

If the employee spoke as a citizen regarding an issue of public concern, courts then "must 'arrive at a balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the

efficiency of the public services it performs through its employees.'" *Castine v. Zurlo*, 756 F.3d 171, 175 (2d Cir. 2014) (quoting *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)).

### B. Plaintiff Does Not Adequately Allege that He Spoke as Citizen on a Matter of Public Concern

The sole cause of action in Plaintiff's Amended Complaint alleges that the City violated 42 U.S.C. § 1983 by retaliating against him for exercising his First Amendment right to speak out about unsafe work conditions.[4]  Am. Compl. ¶ 24.  Plaintiff alleges that the City retaliated against him for being "an outspoken critic" of illegal conduct, *id*. ¶ 8, specifically drug dealing, fraud, and theft of personal protective equipment (PPE), *id*. ¶ 10.

The Amended Complaint does not state a plausible claim.  It fails to allege sufficient facts to support the inference that the things about which Plaintiff complained threatened the public welfare, and, thus, that Mr. Reynolds' complaints addressed a matter of public concern. *See Weintraub*, 593 F.3d at 201 (teacher's speech did not address a matter of public concern and were not protected by the First Amendment).  In *Shara v. Maine-Endwell Central School District*, 46 F.4th 77 (2d Cir. 2022), the Second Circuit held that an employee's complaints regarding a school district's bus maintenance reporting practices did not implicate a matter of public concern absent allegations that the district ignored safety reports or allowed unsafe buses to operate.  *Id*. at 87.  Like the complaint in *Shara*, Mr. Reynolds' barebones Amended Complaint fails to allege facts from which the Court can plausibly infer that the misconduct about which he complained created a public health or safety concern.

---

[4]  Mr. Reynolds also states, in a conclusory way, that Defendant discriminated against him "based on his sex/gender and/or her opposition to discriminatory places." Am. Compl. ¶ 24(a).  The Amended Complaint, however, is devoid of any factual allegations that might support this claim, and it appears that allegation may have been a typographical error, as it refers to Plaintiff using a feminine pronoun.

Mr. Reynolds claims, in a conclusory way, that the alleged wrongdoing "imped[ed] [his] co-workers'] ability to adequately perform their job." Am. Compl. ¶ 9. He does not, however, allege that any co-worker failed to perform specific duties that had an impact on public health or safety. Rather, he alleges only, in a conclusory way, that his coworkers endangered the public's health and safety. *Id.* ¶ 10. Despite drawing all reasonable inferences in favor of the Plaintiff, the Court cannot determine from Plaintiff's Complaint how, for example, the theft of personal protective equipment has an impact on public health and safety by interfering with the effective treatment of sewage.[5]

The allegations in the Amended Complaint further indicate that Mr. Reynolds reported wrongdoing at the DEP as an employee, not as a citizen, because these matters were "part-and-parcel of [his] concerns about his ability to properly execute his duties." *Matthews*, 779 F.3d at 173 (quoting *Weintraub*, 593 F.3d at 203). While Plaintiff denies that his reporting fell within the scope of his employment, he simultaneously states that his complaints were focused on "issues that directly impacted him." Am. Compl. ¶ 11.[6]

In sum, Plaintiff's claim fails because he fails to allege adequately that he spoke as a citizen on a matter of public concern as opposed to speaking as an employee about improper workplace conduct.

---

[5]  Even assuming that Mr. Reynolds truthfully represents that his sole concern was for the public welfare, *id.* ¶¶ 8, 11, the Amended Complaint must be dismissed because "[t]he speaker's motive . . . 'is not dispositive in determining whether his or her speech addresses a matter of public concern.'" *Golodner v. Berliner*, 770 F.3d 196, 202 (2d Cir. 2014) (quoting *Sousa v. Roque*, 578 F.3d 164, 173 (2d Cir. 2009)).

[6]  Moreover, Mr. Reynolds appears to have only complained to his supervisors and to the City Equal Employment Office. Am. Compl. ¶ 12. There are no private analogues to individual discussions within a hierarchical chain of employment of a municipal government. *See Shara v. Maine-Endwell Central Sch. Dist.*, 46 F.4th 77, 86 (2d Cir. 2022). As was the case in *Shara*, Plaintiff's supervisors and the City Equal Employment Office are not "an independent state agency" that is responsible for entertaining complaints generally from the public. *Id.* at 87.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED, and the Amended Complaint is DISMISSED with prejudice.[7] The Clerk of Court is respectfully directed to terminate all open motions and to CLOSE the case.

**SO ORDERED.**

Date:  December 19, 2022
       New York, NY

                                            VALERIE CAPRONI
                                            United States District Judge

---

[7] Plaintiff has given no indication that he has additional facts that he could add that would cure the deficiencies in the Amended Complaint. Plaintiff already amended his complaint once after seeing Defendant's motion to dismiss the original complaint. Order, Dkt. 17. The City's first motion highlighted the same deficiency for which the Court now dismisses the Amended Complaint — that Plaintiff has failed to state a claim because he failed to allege adequately that he spoke as a citizen regarding an issue of public concern. *See* Def. First Mem., Dkt. 10 at 11–15. Because granting Plaintiff another bite at the apple would be futile, the Court dismisses the Amended Complaint with prejudice. *See Malin v. XL Cap., Ltd.*, 312 F. App'x 400, 402–03 (2d Cir. 2009).